FILED IN MY OFFICE
DISTRICT COURT CLERK
10/15/2015 3:27:03 PM
WELDON J. NEFF
Denise Lucero

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

KERRI JENKS

      D-1116-CV-2015-01136

    Plaintiff,

vs.

GEICO INSURANCE COMPANY, a foreign
corporation, AMY TRAINOWSKI, and JOHN DOES,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY, BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH, AND FOR VIOLATION OF INSURANCE PRACTICES ACT

COMES NOW the Plaintiff, Kerri Jenks, by and through her attorney, Michael R. Huffaker, The Law Offices of Michael Huffaker, P.C., and brings this cause of action against Defendants and AS GROUNDS THEREFORE, states as follows:

1. Plaintiff Kerri Jenks, was injured in an auto accident while visiting her family in San Juan County, State of New Mexico.

2. To the best of Plaintiffs' information and belief, Defendant Geico Insurance Company (hereinafter "Geico"), was and is an insurance company authorized to do business in the State of New Mexico at all times pertinent to this cause of action, and Defendant Amy Trainowski, and Defendants John Does were employees of Geico and acting within the course and scope of their employment at all times pertinent to this cause of action

3. This claim is based upon an automobile accident which occurred in San Juan County New Mexico in which Plaintiff settled with the liability carrier, Nevada General Insurance (hereinafter Nevada General), but was not able to settle her underinsured motorist claim with her


EXHIBIT A

own carrier, Geico.

4. The events giving rise to this cause of action occurred due to an automobile accident at or near the intersection of Main Street and Sullivan in the City of Farmington, San Juan County, New Mexico on or about October 31, 2012, and in subsequent negotiations with Geico from approximately March 9, 2015 through October 15, 2015.

5. On or about October 31, 2012, Diego Molinar-Dominguez was negligent and reckless in the operation of his motor vehicle, which negligence and recklessness caused a motor vehicle accident at or near the intersection of Main Street and Sullivan in the City of Farmington, San Juan County, New Mexico.

6. Said negligence and recklessness included but was not limited to:

a. Failure to keep a proper lookout;

b. Failure to keep his vehicle under control;

c. Driving too fast for conditions;

d. Failure to operate his vehicle in a safe and reasonable manner;

e. Driving a vehicle in violation of existing ordinances and statutes;

f. Rear-ending a vehicle driven by Irene Bowden and in which Plaintiff Keri Jenks was a passenger; and,

g. Driving a vehicle with utter indifference to or conscious disregard for the safety of other persons, and specifically Plaintiff Kerri Jenks.

7. As a direct and proximate result of the negligence and recklessness of Diego Molinar-Dominguez in the subject automobile accident, Plaintiff Kerri Jenks suffered bodily injuries.

8. Also as a result of the negligence and recklessness of Diego Molinar-Dominguez,

Plaintiff Kerri Jenks has suffered and will continue to suffer mental and physical pain and suffering, and has undergone medical treatment and incurred: medical expenses, loss of enjoyment of life, permanent impairment, lost wages, lost earning capacity, various monetary losses associated with her injury and treatment, and loss of ability to perform household services, all in an amount which will be shown at trial according to proof.

9. All the acts of negligence and recklessness of Diego Molinar-Dominguez were the sole proximate cause of the collision which, in turn, caused all the bodily injuries and associated bodily injury damages to Plaintiffs Kerri Jenks.

10. At all times material herein, Nevada General insured the vehicle of Defendant Diego Molinar-Dominguez under a motor vehicle liability policy procured by force of legislative enactment. Defendant Nevada General paid its policy limits of $25,000.00 to Plaintiff.

11. Plaintiff's acceptance of the $25,000.00 policy limits from Nevada General was done only after it had received written permission to accept the policy limits offer from Defendant Geico through its claim adjuster, Defendant Trainowski.

12. To the best of Plaintiff's information and belief, there is a total underinsured motorist coverage of $100,000.00 available (4 vehicles at $25,000.00 each) with Geico. With the offset of the $25,000.00 already recovered from Nevada General, Plaintiffs still have $75,000.00 of available coverage for their underinsured motorist claim.

13. In underinsured motorist negotiations with Plaintiffs, Defendant Geico, through its adjuster Amy Trainowski and various John Does responsible for the handling of this particular underinsured motorist claim, made its last offer on July 17, 2015 for $2,500.00, to which Plaintiff counter-offered on July 20, 2015. Then by letter on July 29, 2015, Geico indicated it

would not make any further offers unless Plaintiff provided another counter-offer, essentially refusing to negotiate further unless Plaintiff submitted a counter-offer against itself. Despite numerous attempts thereafter by Plaintiff via her attorney to communicate with Defendant Geico, Geico has failed and refused to answer any communications from Plaintiff's attorney, nor has it communicated in any way with Plaintiff from July 29, 2015 through the filing of this Complaint.

14. The Plaintiff's claims have a value that clearly exceeds what was offered by Geico.

### BREACH OF CONTRACT

15. Paragraphs 1-14 above are incorporated herein by reference.

16. Defendants' refusal to continue communications with Plaintiff constitute a breach of contract of the insurance policy between the Plaintiff and Geico.

17. Every contract has an implied duty to deal in good faith and Geico's and its Defendant employees' negotiations and failures to communicate have violated that duty.

### VIOLATIONS OF UNFAIR INSURANCE PRACTICES ACT

18. Paragraphs 1-17 are incorporated herein by reference.

19. The actions of Defendant Geico, by and through its employees in its claims adjusting branch, who were operating in the course and scope of their employment in all matters referenced above, are in violation of various provisions of the Unfair Insurance Practices Act, including, but not limited to, the following sections, 59A-16-20 B, E, G and N.

### BAD FAITH

20. Paragraphs 1-19 are incorporated herein by reference.

21. The actions of Defendants Geico, Amy Trainowski and the John Doe claim adjusting employees, who were operating in the course and scope of their employment in all matters

referenced above, were and are in bad faith.

22. The Defendants' bad faith includes but is not limited to: breach of their duty to deal fairly with their insured; breach of their duty to act honestly and in good faith; breach of their duty to give equal consideration to the interests of its insureds; breach of their duty to act reasonably in conducting a fair evaluation of the subject UIM claims; breach of their duty to timely communicate with their insured through her legal representative; and, breach of their duty to act in conformity with the existing statutory, administrative and case law of New Mexico.

WHEREFORE, Plaintiff respectfully requests the Court award damages according to proof at trial to compensate Plaintiff for her bodily injury and associated damages as well as Defendants' breach of contract, bad faith and violation of the Insurance Practices Act, and that such damages include but not be limited to: compensatory damages, punitive damages, pre and post-judgment interest, attorney fees and costs, and any other damages the Court deems just and reasonable.

The Law Offices of
Michael R. Huffaker, P.C.


/s/ Michael Huffaker
Michael Huffaker
Attorney for Plaintiffs
500 W. Main St., Ste. 200
Farmington, NM 87401
(505) 324-8330

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/16/2015 3:23:07 PM
WELDON J. NEFF
Holly Wilson

# STATE OF NEW MEXICO
## OFFICE OF SUPERINTENDENT OF INSURANCE
## CERTIFICATE

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF SAN JUAN
STATE OF NEW MEXICO

D1116CV2015-01136

KERRI JENKS,
    Plaintiff(s),

VS

GEICO GENERAL INSURANCE COMPANY, AMY TRAINOWSKI & JOHN DOES,
    Defendant(s).

## ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint for Personal Injury, Breach of Contract, Breach of Duty of Good Faith and For Violation of Insurance Practices Act, on the above style cause as accepted by me on behalf of GEICO GENERAL INSURANCE COMPANY, on October 26, 2015, provided in Sections 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on October 30, 2015, as shown by return receipt by Postmaster.

In Witness Whereof, I have
hereunto set my official seal
on this 12th of November, 2015

*[signature]*

Superintendent of Insurance

EXHIBIT B

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back      Location : San Juan County   Images Help

# REGISTER OF ACTIONS
### CASE NO. D-1116-CV-2015-01136

| | | |
|---|---|---|
| Kerri Jenks v. Geico Insurance Company, et. al. | § § § § § § | Case Type: **Miscellaneous Civil**<br>Date Filed: **10/15/2015**<br>Location: **San Juan County**<br>Judicial Officer: **Marsh, Daylene** |

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Does, John | |
| **Defendant** | Geico Insurance Company | |
| **Defendant** | Trainowski, Ami | Pro Se |
| **Plaintiff** | Jenks, Kerri | Michael Richard Huffaker<br>*Retained*<br>505-324-8330(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/15/2015 | **Cause Of Actions**  Tort: Personal Injury Auto<br>Action Type   Action |
| 10/15/2015 | **OPN: COMPLAINT**<br>*Complaint for Personal Injury, Breach of Contract, Breach of Duty of Good Faith and for Violation of Insurance Practices Act* |
| 10/16/2015 | **Summons** |

| | | |
|---|---|---|
| Geico Insurance Company | Served<br>Response Due<br>Returned | 10/26/2015<br>11/25/2015<br>11/16/2015 |
| Trainowski, Ami | Unserved | |
| Does, John | Unserved | |

| | |
|---|---|
| 11/16/2015 | **ACCEPTANCE OF SERVICE**<br>*Acceptance of Service Geico General Insurance Company* |

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Jenks, Kerri | | | |
| Total Financial Assessment | | | 117.00 |
| Total Payments and Credits | | | 117.00 |
| **Balance Due as of 11/23/2015** | | | **0.00** |
| 10/15/2015 | Transaction Assessment | | 117.00 |
| 10/15/2015 | File & Serve Payment   Receipt # AZTD-2015-6007 | Jenks, Kerri | (117.00) |

EXHIBIT C

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

KERRI JENKS,

    Plaintiff,

v.                                      Case No. D-1116-CV-2015-01136

GEICO INSURANCE COMPANY, a foreign
Corporation, AMY TRAINOWSKI, and john does,

    Defendants.

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that Defendant Government Employees Insurance Company, incorrectly named as GEICO Insurance Company, by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via email to:

Michael Huffaker
huffakerpc6@hotmail.com
*Attorney for Plaintiff*

                                  Respectfully submitted,

                                  **CHAPMAN AND CHARLEBOIS, P.C.**

                                  _____
                                  Donna L. Chapman
                                  Jessica C. Singer
                                  P.O. Box 92438
                                  Albuquerque, NM 87199
                                  Tel: (505) 242-6000/Fax: (505) 213-0561
                                  donna@cclawnm.com
                                  jessica@cclawnm.com
                                  *Attorneys for Defendant GEICO Insurance Company*



EXHIBIT
D

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

KERRI JENKS,

    Plaintiff,

v.                           Case No. D-1116-CV-2015-01136

GEICO INSURANCE COMPANY, a foreign
Corporation, AMY TRAINOWSKI, and john does,

    Defendants.

## ENTRY OF APPEARANCE

Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of Defendant Government Employees Insurance Company, incorrectly name as GEICO Insurance Company. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                                        Respectfully submitted,

                                        **CHAPMAN AND CHARLEBOIS, P.C.**

                                        _____
                                        Donna L. Chapman
                                        Jessica C. Singer
                                        P.O. Box 92438
                                        Albuquerque, NM 87199
                                        Tel: (505) 242-6000
                                        Fax: (505) 213-0561
                                        donna@cclawnm.com
                                        jessica@cclawnm.com
                                        *Attorneys for Defendant GEICO Insurance Company*



EXHIBIT E

I HEREBY CERTIFY THAT on this 25th day of November, 2015, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

Michael Huffaker
500 W. Main St., Ste. 200
Farmington, NM 87401
(505) 324-8330
*Attorney for Plaintiff*

Jessica O. Singer

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kerri Jenks

**DEFENDANTS**
Government Employees Insurance Company

**(b)** County of Residence of First Listed Plaintiff  San Juan
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Huffaker
500 W. Main St., Ste. 200
Farmington, NM 87401 (505)324-8330

Attorneys *(If Known)*
Donna L. Chapman & Jessica C. Singer (Chapman & Charlebois PC)
P.O. Box 92438
Albuquerque, NM 87199 (505)242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. Sec. 1332 (a) and 28 U.S. Sec. 1441 (b)
Brief description of cause:
Contract dispute

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: NOVEMBER 25 2015
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

EXHIBIT F

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.